## Kennewig, et al., Appellants, v. Pittsburgh Railways Company.

*Negligence—Street railways company—Persons beside tracks—Highways—Unpaved walk—Blind woman—Duty of care—Case for jury.*

1. In an action by husband and wife to recover damages for personal injuries sustained by the wife by reason of her being struck by the running-board of a car coming from the rear, the case is necessarily for the jury where it appears that at the time of the accident the injured woman was walking upon a public street having a cinder walk three or four feet wide, for the use of pedestrians, on the right side of the inbound tracks of the defendant company; that there was no pavement other than the cinder walk which pedestrians could use; and there was no well-marked division line between the cinder walk and the tracks of the street railway company.

2. In such a case the conditions required an unusual degree of care to be exercised by both parties to the controversy and whether either or both failed in the performance of that duty was a question for the jury.

Argued October 31, 1912. Appeal, No. 195, Oct. T., 1912, by plaintiffs, from judgment of C. P. Allegheny Co., Feb. T., 1912, No. 714, refusing to take off nonsuit in case of Margaret Kennewig and Henry Kennewig, her husband, v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BROWN, J.

From the record it appeared that in the evening of August 25th, 1908, Margaret Kennewig, plaintiff, who was totally blind, accompanied by her husband, Henry Kennewig, was walking along Woodville avenue in the City of Pittsburgh going toward the city; that the said avenue in the locality in which they were walking was paved between the car tracks and about a foot outside

but had no paved side walks, there being provided, however, for the use of foot passengers, a cinder path along the paving of the right side of the city bound track of the defendant company, on which path the two were walking.

A car of the defendant company travelling in the same direction, approaching from the rear of the couple, overtook them and the running board extending from the right side of the car struck the left leg of the female plaintiff below the knee causing the injuries complained of. Mrs. Kennewig was a woman about sixty-one years old, totally blind, and she was accustomed to walk along the street where the accident occurred for exercise when accompanied by her husband and under his guidance and control.

Upon the trial the court entered a nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off the nonsuit.

*Maurice Chaitkin* with him *Frank H. Guffey,* for appellants.—Unless it can be said as a matter of law that the plaintiffs were guilty of negligence per se in walking on said cinder walk, the question of their negligence, under all the circumstances, is for the jury: Gibbons v. Ry. Co., 155 Pa. 279; Kestner v. Traction Co., 158 Pa. 422; Hestonville, Mantua & Fairmount Pass. R. R. Co. v. Kelley, 102 Pa. 120; Thatcher v. Central Traction Co., 166 Pa. 66; Phillips v. Peoples Pass. Ry. Co., 190 Pa. 222; Waechter v. Traction Co., 198 Pa. 129; Dormer v. Paving Co., 16 Pa. Superior Ct. 407; Woelfel v. Railway Co., 183 Pa. 213.

The plaintiffs had a right to presume that the motorman would use ordinary care: Brown v. Lynn, 31 Pa. 510; Penna. R. R. Co. v. Ogier, 35 Pa. 60; Hoffman v. Consolidated Traction Co., 230 Pa. 271; Tatarewicz v. Traction Co., 220 Pa. 560.

Under the facts of the case, namely, where a blind woman ignorant of conditions, while walking along a public footway under the control of her husband, is injured through the negligence of the defendant and the alleged contributory negligence of the husband, such alleged concurring negligence is not to be imputed to her: Kammerdiener v. Rayburn Twp., 233 Pa. 328; Wachsmith v. B. & O. R. R. Co., 233 Pa. 465; Walsh v. Railway Co., 232 Pa. 479; Little v. Telegraph Co., 213 Pa. 229; Jones v. Railway Co., 202 Pa. 81; Finnegan v. Foster Twp., 163 Pa. 135; Carr v. Easton, 142 Pa. 139.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellee.—It is the duty of a person travelling upon a highway, traversed by a street railway, to exercise due care and to look and listen for an approaching car: Warner v. Railway Co., 141 Pa. 615; Gilmartin v. Rapid Trans. Co., 186 Pa. 193; Penman v. Railway Co., 201 Pa. 247; McClelland v. Railways Co., 216 Pa. 593; Barto v. Traction Co., 216 Pa. 328; Speakman v. Trac. Co., 42 Pa. Superior Ct. 558; Joyce v. B. & O. R. R. Co., 230 Pa. 1.

When a person traversing a highway is afflicted with impaired hearing or defective or impaired eyesight, this fact imposes the burden of extra precaution: Central Railroad Co. of N. J. v. Feller, 84 Pa. 226; Karl v. Juniata County, 206 Pa. 633; Flynn v. Railways Co., 234 Pa. 335; Joyce v. B. & O. R. R. Co., 230 Pa. 1.

It is not controverted that Mrs. Kennewig voluntarily committed herself absolutely to the care and control of her husband and under the circumstances this amounted to a joint enterprise and the negligence of one, is the negligence of the other: Allyn v. Railroad Co., 105 Mass. 77; N. Y., Chicago & St. Louis Railroad Co. v. Kistler, 66 Ohio 326; Winner v. Oakland Township, 158 Pa. 405; Kunkle v. Lancaster County, 219 Pa. 52; Gress v. Philadelphia & Reading Ry. Co., 228 Pa. 482.

OPINION BY MR. JUSTICE ELKIN, January 13, 1913:

The learned counsel for the appellee begin their argument with a very fair statement of what must be considered in this case. The statement is as follows: "The sole question to be determined in this case is, whether or not the appellants were, under the undisputed facts in the case, guilty of contributory negligence; if they were not, or if there was any doubt, then the case should not have been taken from the jury; if they were, then the judgment of compulsory nonsuit was proper and should be affirmed." This is the whole case and it is very fairly stated. It is a close case and one not free from difficulty. It all depends upon the facts and the view that may be taken of the situation at the time of the accident. From the testimony introduced by appellants it appears that Woodville avenue at the time of the accident was a public street having a cinder walk three or four feet wide on the right side of the inbound tracks of the defendant company for the use of pedestrians. The testimony further discloses that there was no pavement other than the cinder walk which pedestrians could use. Therefore, it cannot be said as a matter of law that the appellants were guilty of negligence per se in walking on the cinder path which the city had provided for that very purpose. It is true they were walking longitudinally with the tracks of the street railway company, but they were required to do so because the cinder walk was so located. They may have been negligent in walking too close to the tracks of the street railway, but this was a question of fact, which in view of the condition of the street, the situation of the parties, and the circumstances of the case, was for the jury and not for the court to determine. It was the clear duty of appellants to exercise reasonable care in keeping a lookout for approaching cars and to avoid such dangers as should have been apprehended by ordinarily prudent persons in making use of the cinder walk. On the other hand, it was the duty of the motorman to keep a constant lookout ahead

so as to see and be prepared to avoid dangers to pedestrians rightfully making use of the cinder walk, or the street. If Woodville avenue had been a street with a curb and pavement, we would agree with the contention of learned counsel for appellee, that appellants were guilty of contributory negligence which should have been so declared as a matter of law. Under such circumstances the cases relied on by the learned court below would be clearly applicable. The present case is distinguishable from the cases cited because of its facts. The fact that there was no well marked division line between the cinder walk and the tracks of the street railway company, required a greater degree of care to be exercised by both parties to this controversy, and whether either or both failed in the performance of that duty was a question of fact, for the jury. If different inferences can be drawn from the facts, or if there is doubt about the inference to be drawn, it is the province of the jury to determine the question. Our conclusion is that the present is such a case.

Judgment reversed and a venire facias de novo awarded.